THE MOBILA.

(District Court, S. D. Alabama. June 2, 1906.)

1. COLLISION—DAMAGES—FINDINGS OF COMMISSIONER.
    The finding of a commissioner as to the value of a vessel lost in col-lision is entitled to great respect, and will not be set aside unless it is made to appear that his valuation is manifestly erroneous, as in conflict with the weight of the evidence, or that there was clear mistake in the process by which his conclusions were reached.
    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, § 302.]

2. SAME—TOTAL LOSS OF VESSEL—MEASURE OF DAMAGES.
    Where a vessel is a total loss as the result of a collision, the measure of damages recoverable is not her cost to the owners, nor her intrinsic value, but her market value at the time of her destruction, which may be determined from the opinions and estimates of competent witnesses who are qualified by their experience and knowledge of the vessel to testify as to such value.
    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, § 287; vol. 20, Cent. Dig. Evidence, §§ 2330, 2333.]

In Admiralty. On exceptions to commissioner's report.

Gregory L. & H. T. Smith, for libelant.
Pillans, Hanaw & Pillans, for claimant.

TOULMIN, District Judge. The finding of a commissioner as to the value of a vessel lost in collision is entitled to great respect, and it will not be set aside unless it is made to appear that his valuation is manifestly erroneous as being in conflict with the weight of the evidence, or that there was clear mistake in the process by which his conclusions were reached. Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; The Gertrude (D. C.) 112 Fed. 448. The vessel here was a total loss. The rule of damage is the market value of the vessel (if it is of a class which has a market value) at the time of her destruction. The Baltimore, 8 Wall. 386. 19 L. Ed. 463; The Granite State, 3 Wall. 313, 18 L. Ed. 179. The measure of damages is the value of the vessel in its condition just prior to the collision, to be measured by its market value, and not by the price for which the owners would have been willing to sell it, or may have paid for it. The party in fault cannot reduce the amount recoverable by showing that the lost vessel was worth intrinsically less than its market value. 25 Am. & Eng. Enc. of Law (2d Ed.) 1029.

Where articles of personal property are subject to frequent sales, and where market quotations are daily published, the value of such property can ordinarily be determined with accuracy; but where there is no fixed or certain standard by which the real value can be ascertained, and no market value ascertainable, the court is compelled to reach its conclusion by comparison of various estimates or opinions. At best, the evidence of value is largely a matter of opinion. Where the value of property is in controversy, persons acquainted with it may state their opinion as to its value. "As value rests merely in opinion, the exception to the general rule that witnesses must be confined to facts, and cannot give opinions, is founded in necessity and obvious propriety." St. Louis, I. M. & S. Ry. Co. v. Edwards, 78 Fed. 747, 24 C. C. A. 300. "After a witness has testified that he knows the property, and its value, he may be called upon to state such value." Montana Ry. v. Warren, 137 U. S. 348, 11 Sup. Ct. 96, 34 L. Ed. 681; Sutherland on Damages, § 442. The market value is such a sum of money as the property is worth in the market to persons generally who would pay the just and full value for it. 19 Am. & Eng. Encyc. of Law (2d Ed.) 1153, and authorities cited in note 5. The market value is not what property is worth solely for the purpose to which it is devoted, but the highest price that it will bring for any and all uses to which it is adapted, and for which it is available. All uses to which it could be put should be considered. Am. & Eng. Encyc. of Law (2d Ed.) 1154, and note. While evidence of the cost of the vessel is admissible, the cost plainly is not of itself proof of her actual value at the time she was lost.

Full compensation for the loss is the rule in such cases, and it is

to be measured by what it would cost to replace her. There is perhaps no direct evidence on this point or as to the market value of the vessel at the time and place she was lost, but there are opinions and estimates given by many witnesses as to her value, and they range from $6,200 to $15,000, the average of which is between $10,000 and $11,000, and nearer the latter figure. The commissioner seems to have based his valuation of the vessel solely on its cost to the libelant. I think it clear that he fell into an error in this, and that his finding was contrary to the weight of the evidence. My opinion is that the evidence entirely warrants the conclusion reached by me that the vessel was worth at least $10,000 at the time of her loss. Libelant's exceptions to the commissioner's report are sustained, and he is awarded $10,000 as his damages herein, for which a decree will be entered.

The claimant's exceptions to said report are overruled for want of evidence to sustain them, or rather, to show that the commissioner erred in his finding excepted to, while individually I believe many of the items charged for by the colibelants are excessively valued.